

# Your Missouri Courts

Search for Cases by: Select Search Method...

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print                    GrantedPublicAccess  Logoff JBRENTDULLE

## 2222-CC05508 - STEVEN RASNIC ET AL V CITY OF ST LOUIS ET AL (E-CASE)

| FV | Case Header Filed and | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|---|

Click here to eFile on Case

Click here to Respond to Selected Documents

Sort Date Entries: ○ Descending ● Ascending    Display Options: All Entries

---

**06/28/2022**  ☐ **Judge Assigned**

☐ **Pet Filed in Circuit Ct**

Petition; Exhibit A - City Code Chapter 15.42; Exhibit B - 11.10.20 Nuisance Notice; Exhibit C - 1-24-22 Partial Notice.
   **Filed By:** WILLIAM KISTNER

☐ **Request Filed**

Request for Appointment of Process Server.
   **Filed By:** WILLIAM KISTNER
   **On Behalf Of:** STEVEN RASNIC, SCOTT RUPP

☐ **Confid Filing Info Sheet Filed**
   **Filed By:** WILLIAM KISTNER

☐ **Summons Issued-Circuit**

Document ID: 22-SMCC-6328, for CITY OF ST LOUIS.

---

**07/20/2022**  ☐ **Notice of Service**

Memorandum for Clerk; Affidavit of Service.
   **Filed By:** WILLIAM KISTNER
   **On Behalf Of:** STEVEN RASNIC, SCOTT RUPP

☐ **Corporation Served**

Document ID - 22-SMCC-6328; Served To - CITY OF ST LOUIS; Server - ; Served Date - 13-JUL-22; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

---

**2222-CC05508**

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

## IN THE CIRCUIT COURT OF ST. LOUIS CITY
## STATE OF MISSOURI

| | | |
|---|---|---|
| STEVEN RASNIC, | ) | |
| | ) | |
| SCOTT RUPP, | ) | |
| | ) | Cause No. |
| and | ) | |
| | ) | Div. No. |
| SRSR ENTERPRISES LLC, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
| JANE DOE, and JOHN DOE, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION FOR EQUITABLE RELIEF AND DAMAGES

### Introduction

Plaintiffs are asking the Court to: (1) declare the nuisance ordinance of defendant City of St. Louis unconstitutional, on its face and in its application, (2) enjoin the City from its enforcement, and (3) award the plaintiffs actual, punitive and nominal damages, and attorney fees, for the City's and the Doe defendants' deprivations of their rights to due process, to confront their accusers and to be free from injurious conspiratorial conduct.

### Parties

1.      Plaintiffs Steven Rasnic, and Scott Rupp are residents of the State of Missouri and members of plaintiff SRSR Enterprises LLC, a Missouri limited liability company. Plaintiffs own and operate a restaurant located at 5220 Hampton Avenue in the City of St. Louis, known as La Catrina ("Restaurant").

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

2.      Defendant City of St. Louis is a constitutional charter city existing and operating pursuant to Article VI, Sections 31, 32(a), and 32(b) of the Missouri Constitution. The City has the authority to enact and enforce nuisance ordinances that comply with federal and state laws.

### City's Nuisance Ordinance

3.      The City's nuisance ordinance is codified as Chapter 15.42 of the St. Louis City Code ("SLCC"). A copy is attached as Exhibit A.

A.  Section 15.42.010 defines "nuisance" as "a continuing act or physical condition which is made, permitted, allowed or continued by any person or legal entity … which is detrimental to the safety, welfare or convenience of the inhabitants of the City…."

B.  Among other things, Section 15.42.020.F declares that "a public nuisance exists" if a premises, at least twice within the preceding 12 months, "[m]aintain[s] or permit[s] a condition or engage[s] in an activity which unreasonably annoys, injures, or endangers the safety, health, morals, or repose of " City inhabitants.

C.  If the City's Director of Public Safety "reasonably believes" that a nuisance exists, Section 15.42.030.A requires the director to provide notice to the property owner of the director's "reasonable belief", and the notice must also identify "the activities or conditions which form the basis of the belief" and "[s]et forth reasonable abatement measures which the landlord must take". In addition, the property owner must "immediately cease all nuisance behavior".

D.  A copy of the notice must be: (i) sent to the owner by first class U.S. Mail and (ii) "posted in a prominent place on the premises". Section 15.42.030.B.

E.  Notably, Section 15.42.030.A does not: (i) give an owner, prior to undertaking the required "reasonable abatement measures", an opportunity to contest the director's "reasonable belief" of the alleged nuisance before an independent administrative body, (ii) allow

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

the owner to appeal the director's "reasonable belief" of the alleged nuisance to any court, or (iii) permit the owner to investigate or challenge any of the witnesses claiming that a nuisance exists.

F.   But, an owner who fails to abate an alleged nuisance can be prosecuted, fined, and imprisoned for failing to "immediately abate the nuisance". See Section 15.42.040. And, the director's notice of violation constitutes "prima facie evidence of the correctness of the facts specified therein" in any administrative proceeding pursued by the director for nuisance abatement, thus placing the burden of proof on the owner to prove that a nuisance does not exist. See Section 15.42.050.I.

G.   Section 15.42.030.B further requires that an owner be given "a reasonable opportunity to meet" with the city "to discuss the allegations . . . and the need for abatement measures".

H.   Section 15.42.030.B does not require that an owner be informed: (i) that the meeting is optional, (ii) of the underlying facts of the alleged nuisance, (iii) the identity of the witnesses complaining of the alleged nuisance, or (iv) that the owner's statements at the meeting, or his or her subsequent activities taken in response to the meeting, could be used against the owner in a subsequent nuisance prosecution. Nor does Section 15.42.030.B give the owner an opportunity to contest the allegations of nuisance, or to confront his or her accusers, before an independent fact-finder.

**Facts**

4.      In July of 2019 the City issued to plaintiffs a Certificate of Occupancy and Zoning, allowing the La Catrina property to be used as the Restaurant. In June of 2020 the City's board of adjustment granted plaintiffs a conditional use permit to build and use an outdoor deck for expanded services at the Restaurant.  The City also issued a business license and a liquor license

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

to plaintiffs. Plaintiffs are therefore authorized by law to use 5220 Hampton Avenue for restaurant operations.

5.      The City supposedly received complaints from neighbors concerning the operation of the Restaurant, and on November 10, 2020 the city issued a "Public Nuisance Notice" to La Catrina. The notice stated that the "Director of Public Safety reasonably believes that the premises . . . is a public nuisance", due to "**DISTRUBANCES, NOISE, AND OTHER UNRULY BEHAVIOR**". The notice recited the City's nuisance ordinance and scheduled an "owner's meeting" for November 24, 2020. The notice described the purposes of the meeting as "a reasonable opportunity . . . to discuss allegations [of nuisance] and the need for abatement measures" and "to identify nuisance issues at your property and to determine corrective steps" for abatement purposes. A copy of the City's notice is attached as Exhibit B.

6.      The notice did not inform the plaintiffs that the meeting was optional. It did not grant the plaintiffs any opportunity to contest the allegations of nuisance before an independent fact-finder. It did not inform the plaintiffs that their statements at the meeting, or their subsequent activities taken in response to the meeting, could be used against them in any subsequent nuisance prosecution.

7.       The owner's meeting was rescheduled to December 16, 2020. At that time City representatives made generalized nuisance allegations pertaining to noise, and the plaintiffs denied the existence of a noise problem. Other activities were also discussed, such as post-closing employee "partying" in the parking lot, late night/early morning deliveries, and illegal dumping/littering. Plaintiffs asked the City to identify the individuals making the nuisance complaints and to produce videos allegedly taken by these individuals that purportedly depicted the nuisance activity, but the City has never identified the complainants or produced these videos.

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

8.      Although no tribunal had determined that the nuisance allegations were well-founded, the plaintiffs agreed, as a gesture of good will, to enter into a mitigation plan to address the allegations. Specifically, the plaintiffs agreed to attempt to reduce noise on the premises, address late night/early morning deliveries, curtail alcohol service on the restaurant deck, and counsel their employees about using only the restaurant's trash disposal receptacles.

9.      Plaintiffs in fact implemented these efforts, but neighborhood complaints supposedly continued. Ten months later, on October 13, 2021 the City cited plaintiffs Rasnic and Rupp for "failure to abate a nuisance".

10.     In support of the failure to abate charge, each citation is supported with the following statement as to the "facts supporting [the probable cause] belief": "Cease and desist was issued on 11/10/20. The property was posted on 11/16/20. Since the posting, there have been 35 police calls for service". The citations do not specify any activities that would constitute the existence of a public nuisance, but they scheduled an appearance to answer the charges before the St. Louis Municipal Court for February 6, 2021.

11.     Plaintiffs have engaged counsel, who have filed a discovery request for the production of all evidence in the city's possession that might establish the existence of a public nuisance. The City has yet to respond to that discovery request.

12.     In addition, the city issued a second "Public Nuisance Notice" to La Catrina dated January 24, 2022 ("Partial Notice"). A copy of the Partial Notice is attached as Exhibit C.

13.     The Partial Notice purports to have been delivered by "FIRST CLASS U.S. MAIL & POSTED AS REQUIRED BY LAW", but:

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

A.      The Partial Notice was not addressed to any plaintiff, nor was it addressed to the property owner or to the registered agent of the property owner, and if it was mailed by the city as the notice purports, plaintiffs did not receive the mailed notice; and

B.      The Partial Notice was not "posted as required by law", in that an unknown person, named herein as John Doe, approached the front door of the Restaurant during non-business hours, attached the notice to the door, photographed the notice as so attached, then removed the notice and attempted to exit the area of the Restaurant premises without being discovered (when confronted by a restaurant employee, the unknown person at first denied these claims, then he admitted these facts and handed the notice to the employee).  John Doe was accompanied to the vicinity of the Restaurant by an unknown accomplice, named herein as Jane Doe. The two of them arrived at the block on which the Restaurant is located in the same car, and exited together in that car after John Doe was confronted by the restaurant employee.

14.      The notice identified the objectionable behavior as "**DISTURBANCES, NOISE, SUSPICIOUS PERSON, AND OTHER UNRULY BEHAVIOR**", and scheduled an "owner's meeting" for February 16, 2022.

15.      The Partial Notice did not inform the plaintiffs that the meeting was optional. It did not grant the plaintiffs any opportunity to contest the allegations of nuisance before an independent fact-finder. It did not inform the plaintiffs that their statements at the meeting, or their subsequent activities taken in response to the meeting, could be used against them in any subsequent nuisance prosecution.

16.      At the meeting, City and neighborhood representatives again made several general oral complaints about the alleged nuisance activity, without providing any specific allegations. Plaintiffs requested that the evidence of the actual complaints be disclosed, including the

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

identities and contact information of the complainants and the transcripts or other records supposedly substantiating the complaints. The City refused to provide this information, instead providing a copy of the "call list", which tracked the various telephone calls and assigned a particular code (which generally categorized the alleged bad behavior) to each, and a copy of the police incident report referencing the call list. The City also demanded that the plaintiffs, on the basis of the unsubstantiated call list, implement several corrective measures to address what they claimed to be nuisance activities, which remain unproven and undetermined by any administrative or judicial fact-finder.

### Count I - Facial Invalidity of Chapter 15.42 SLCC

17.     Plaintiffs are being prosecuted for "failure to abate a nuisance".

18.     Plaintiffs are the owners and operators of Restaurant. They hold an occupancy permit, a conditional use permit, a business license and a liquor license issued by the city for La Catrina operations, all of which are subject to revocation by the City if the plaintiffs are found to have failed to abate a public nuisance in violation of Chapter 15.42 SLCC.

19.     Plaintiffs accordingly have liberty and property interests that are subject to deprivation by the City and, consequently, they are entitled to the constitutional protections of the 6th and 14th Amendments to the U.S. Constitution and Art. I, § 10 of the Missouri Constitution.

20.     By its terms, Chapter 15.42:

A.  Requires a property owner in the City to spend time, effort, and money to address conditions or activities that, in the "reasonable belief" of the city, constitute a public nuisance;

B.  Fails to provide any reasonable notice of, or an opportunity to be meaningfully heard on, the question of whether the conditions or activities giving rise to the city's "reasonable belief" in fact and law constitute a public nuisance;

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

C.  Fails to provide any means by which the City's "reasonable belief" of the existence of a public nuisance may be challenged by a property owner in a court;

D.  Establishes an opportunity for the City, through an "owner's meeting", to intimidate, cajole, and coerce a property owner into admitting the existence of, and taking measures to abate, a nuisance that may or may not exist, and doing so without permitting the property owner to confront his or her accusers or informing the property owner that his or her statements or actions may be used against him or her in a subsequent criminal prosecution of the nuisance violation; and

E.  Permits the City to revoke an owner's authority to operate a commercial enterprise in the city, and to criminally prosecute an owner, for failing to correct property conditions or activities that, according to the City alone, constitute a public nuisance.

21.     Chapter 15.42 is thus premised on a fait accompli - the City's initial, unadjudicated "reasonable belief" that a nuisance exists - without providing an owner with notice and a reasonable opportunity to be heard on the question (in violation of the 14th Amendment and Art. I, § 10) and at the risk of violating the owner's 6th Amendment rights "to be informed of the nature and cause of the accusation [and] to be confronted with the witnesses against him".

## **Count II - As-Applied Invalidity of Chapter 15.42 SLCC**

22.     Plaintiffs incorporate by reference paragraphs 1 through 21, above.

23.     Here, the City has used Chapter 15.42 as a predicate for prosecuting the plaintiffs for "failing to abate" a nuisance without either an administrative or court adjudication that a nuisance actually exists. The City's application of Chapter 15.42 has thus deprived the plaintiffs of:

A.     Adequate notice of the specific conditions alleged to be a nuisance;

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

B.      A reasonable opportunity to investigate the assertions of the complaining witnesses;

C.      Any opportunity to contest, defend, and be heard on (i) the veracity of the witness complaints, (ii) the primary question of whether a nuisance exists, or (iii) whether any abatement measures are required under facts or the law.

24.     The City's application of Chapter 15.42 - specifically the holding of mandatory "owners' meetings" without any notice that the plaintiffs' statements or actions could be used against them in the city's criminal nuisance prosecution - has also deprived the plaintiffs of their 5th Amendment to the U.S. Constitution protected rights against self-incrimination.

## Count III - Violations of Civil Rights

25.     Plaintiffs incorporate by reference paragraphs 1 through 24, above.

26.     The city's application of Chapter 15.42 - specifically resulting in the deprivation of reasonable notice and a meaningful opportunity to be heard on the question of the existence of a nuisance - has violated plaintiffs' procedural and substantive due process rights as guaranteed to them through the 14th, 6th, and 5th Amendment to the U.S. Constitution; and Art. I, § 10 of the Missouri Constitution.

27.     Moreover, on information and belief, the City is engaging in a civil conspiracy with unknown complaining witnesses to so deprive the plaintiffs of their due process rights, which is manifested by: (i) the city's alleged mailing and "posting" of the second "owner's meeting"; (ii) the City's refusal to identify, or permit the plaintiffs' questioning of, the complaining witnesses; and (iii) the city's refusal to provide the alleged videos, photos, or other recordings necessary for the plaintiffs to contest the question of the existence of a nuisance and

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

the need for any abatement measures, and so defend themselves in the criminal nuisance prosecution.

28.     As a result of being deprived of their right to procedural due process, plaintiffs are being and have been damaged, and such loss is continuing and accruing with each day that lapses as a result of the City's actions.

29.     Such deprivations are remediable by and actionable through 42 U.S.C. § 1983, and plaintiffs are further entitled to their costs and attorney fees pursuant to 42 U.S.C. § 1988.

**Count IV - Civil Conspiracy**

30.     Plaintiffs incorporate by reference paragraphs 1 through 29, above.

31.     On information and belief, Defendants Jane Doe and John Doe had, at all times pertinent to their conduct alleged above in ¶ 13.B above, an objective to unlawfully deprive plaintiffs of notice of the meeting purportedly scheduled by the City, had an agreement between the two of them to achieve not only that objective but also to secure false proof of affixing notice to the restaurant door, and took concrete steps in furtherance of their objective by affixing the notice, photographing it as affixed, and then immediately detaching it; as a consequence of those wrongful acts and the joint conspiratorial conduct of these "Doe" Defendants, Plaintiffs suffered presumed injuries in the form of nominal damages.

32.     Defendants Jane Doe and John Doe engaged in outrageous conduct as described above, and acted with a willful, wanton and/or malicious culpable mental stated in so conducting themselves.

33.     Plaintiffs therefore request a joint and several judgment be entered against the Doe defendants for punitive damages in the amount of $50,000.00, and nominal damages totaling $1.00.

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

**WHEREFORE,** plaintiffs request that this Court enter judgment:

A. Declaring that Chapter 15.42 of the St. Louis City Code, on its face and as applied, violates the due process clause of the 14th Amendment;

B. Declaring that the City of St. Louis has deprived plaintiffs of their constitutional rights under the 14th, 6th, and 5th Amendments to the United States Constitution and Art. I, § 10 of the Missouri Constitution;

C. Enjoining the City of St. Louis from further prosecution of the pending criminal nuisance action, until such time, if any, that plaintiffs' constitutional deprivations can be rectified;

D. Awarding plaintiffs damages for the violations of their civil rights under 18 U.S.C. §1983;

E. Awarding plaintiffs their reasonable litigation costs and attorney fees pursuant to 18 U.S.C. §1988;

F. Awarding plaintiffs joint and several damages award against defendants Jane Doe and John Doe consisting of $1.00 in nominal damages and $50,000.00 in punitive damages; and

G. Awarding plaintiffs such other relief as is allowed by law.

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

**KISTNER, HAMILTON, ELAM & MARTIN, LLC**

By: /s/ Elkin L. Kistner
    Elkin L. Kistner             #35287
    Paul Martin                #34428
    William E. Kistner         #70540
    1406 North Broadway
    St. Louis, MO 63102
    Telephone: (314) 783-9798
    Facsimile:  (314) 944-0950
    E-mail: elkinkis@law-fort.com
    E-mail: paul@law-fort.com
    E-mail: bill@law-fort.com
    *Attorneys for Plaintiffs*

12

2222-CC09508

EXHIBIT
A

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

Chapter 15.42 - PUBLIC NUISANCES

Editor's Note:

Ord. No. 69730, adopted April 18, 2014, repealed Ch. 15.42 and enacted a new chapter as set out herein. The former Ch. 15.42, §§ 15.42.010—15.42.070, pertained to similar subject matter and derived from Ord. No. 67600, §§ 1—6, 2007, and Ord. No. 68535, §§ 1—7, adopted Dec. 15, 2009.

Sections:

15.42.010 - Definitions.

For the purposes of this chapter:

A. "Premises" includes any parcel of property, residential or commercial and the building or structure, if any, which is situated on the property, and any portion of the public way that abuts the parcel of property when it is used in conjunction with the abutting property for the commission of illegal activity.

B. A "nuisance" is a continuing act or physical condition which is made, permitted, allowed or continued by any person or legal entity, their agents or servants or any person or legal entity who aids therein which is detrimental to the safety, welfare or convenience of the inhabitants of the City or a part thereof, or any act or condition so designated by statute or ordinance.

C. "Owner" is the person or entity whose name is listed on the last deed recorded at the office of the Recorder of Deeds, on the tax records at the office of the Assessor, or person in care, custody or control of said premises.

D. "Domestic violence" means physical abuse, harassment, intimidation of a dependent, interference with personal liberty, or willful deprivation by a current or former spouse, significant other, or paramour.

E. "Stalking" means first-degree or second-degree stalking as defined in RSMo Ch. 565.

(1994 C., § 15.42.010; Ord. No. 70390, § 1, 11-10-2016; Ord. No. 69730, § 1, 4-18-2014.)

15.42.020 - Public nuisance.

A public nuisance exists when the premises are used for one or more of the following incidents within the previous 12 months:

A. The illegal sale, manufacture, storing, possession, distribution or use of narcotics or other controlled substances or precursors;

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

B. The illegal sale, manufacture, storing, possession, distribution or use of drug paraphernalia or precursors;

C. The illegal sale, storing, possession, use or distribution of a firearm(s), weapons or explosive devices.

A public nuisance exists when the premises are used for two or more of the following incidents within the previous 12 months:

A. Prostitution;

B. Illegal gambling;

C. The illegal sale, distribution or consumption of alcoholic beverages;

D. Violation of municipal, state or federal business licensing regulations;

E. Commission of any offense which is punishable by imprisonment of ninety days or more;

F. Maintaining or permitting a condition or engaging in an activity which unreasonably annoys, injures, or endangers the safety, health, morals, or repose of any inhabitants of the City of St. Louis or a part thereof;

G. Making a false report of a violation of the law to any police officer or other officer of the law in person, or from any police alarm or call box, or over the telephone or radio, or by improper use of Emergency 911, or by any other means of communication;

H. Any other condition or activity that may constitute a felony, misdemeanor or ordinance violation under federal, state, or municipal law which is detrimental to the safety, welfare or convenience of the inhabitants of the City of St. Louis or a part thereof.

Notwithstanding any other provisions in this section, a public nuisance does not exist solely:

A. As a result of calls to law enforcement officers or agencies for assistance in regards to alleged domestic violence or stalking;

B. Due to incidents of domestic violence or stalking.

Nothing with respect to this section limits or prohibits the imposition of penalties against a perpetrator of domestic violence or stalking.

(1994 C., § 15.42.020; Ord. No. 70390, § 2, 11-10-2016; Ord. No. 69730, § 2, 4-18-2014.)

15.42.030 - Notice.

A. Whenever the Director of Public Safety reasonably believes that any premises constitutes a public nuisance as defined in Sections 15.42.010 and 15.42.020 of this chapter, the Director or his designee shall give written notice to the person or entity who owns or controls the premises ("owner"). The notice shall state that the Director reasonably believes that a nuisance exists and identifies the activities or conditions which form the basis of the belief. Said notice shall also set forth reasonable abatement measures which the landlord must take within 30 days of the notice. An owner occupant and/or tenant must immediately cease all nuisance behavior.

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

B.  A copy of the notice shall be sent to the owner of said premises via first class United States mail. A copy of the notice shall also be posted in a prominent place on the premises by the Neighborhood Stabilization Officer, Problem Property Officer, Project 87 Building Inspector or other designee.

The notice shall also provide the owner of said premises a reasonable opportunity to meet with a representative of the City to discuss the allegations in the notice and the need for abatement measures.

C.  In the event that additional nuisance behavior occurs on said premises which is different from the behavior which was listed in the notice, the Director or his designee may send an "amended notice" to the owner of said premises. The "amended notice" shall be sent via first class United States mail and by posting a copy in a prominent place on the premises. An additional 30-day abatement period shall not exist when an "amended notice" is issued.

D.  Any notice of public nuisance that was issued in accordance with City of St. Louis Ordinance 68535 is still in effect and shall be given full faith and credit.

(1994 C., § 15.42.030; Ord. No. 69730, § 3, 4-18-2014.)

15.42.040 - Summons.

Any owner occupant, tenant or person who engages in, encourages, permits or otherwise fails to immediately abate the nuisance may be issued a summons for "engaging in a nuisance" or "maintaining a nuisance." Any owner of residential or commercial unit(s) who does not abate the nuisance within the 30-day period shall be issued a summons for "failure to abate a nuisance." A defendant who is found guilty of or pleads guilty to a nuisance offense shall be subject to a fine of not less than $100.00 and not more than $500.00, or any other penalty available by law including up to 90 days in jail, for the first offense. A defendant, who is found guilty of or pleads guilty to a second nuisance offense, shall be subject to a fine of not less than $200.00 and not more than $500.00, or any other penalty available by law including up to 90 days in jail. A defendant who is found guilty of or pleads guilty to a third or subsequent nuisance offense, shall be subject to a fine of $500.00, or any other penalty available by law including up to 90 days in jail. Each occurrence of nuisance behavior regardless of proximity in time to any other nuisance violation shall be deemed a separate and distinct offense for which a summons may be issued.

(1994 C., § 15.42.040; Ord. No. 69730, § 4, 4-18-2014.)

15.42.050 - Administrative hearings.

A.  In addition to the issuance of a summons under Section 15.42.040, the Director of Public Safety may initiate an Administrative Hearing in

Case: 4:22-cv-00843-MTS   Doc. #:  1-3   Filed: 08/13/22   Page: 17 of 35 PageID #: 21

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

order to abate a public nuisance as defined in Sections 15.42.010 and 15.42.020 of this chapter.

B.  When an owner of rental residential or commercial property has failed to abate the nuisance within 30 days of the notice or an owner occupant has failed to immediately abate the nuisance upon receipt of the notice, the Director of Public Safety or his designee may issue a hearing notice to the owner of the subject premises. The hearing notice shall be in writing and either sent by first class United States mail or served in person, not less than twenty (20) days prior to the date of such hearing. A copy of the hearing notice shall also be posted in a prominent place on the premises. A hearing notice shall not be issued when the calls to law enforcement are solely for assistance in regards to alleged domestic violence or stalking.

C.  An attorney who appears on behalf of any owner must file a written appearance with the Director of the Department of Public Safety.

D.  The case for the City shall be presented by the City Counselor.

E.  The Administrative Hearing Officer may grant continuances only upon a finding of good cause.

F.  All testimony shall be given under oath or affirmation.

G.  The Administrative Hearing Officer may issue subpoenas to secure the attendance and testimony of relevant witnesses and the production of relevant documents.

H.  RSMo 536.070 shall control the rules of evidence, objections, witnesses, judicial notice, affidavits as evidence, and the transcript requirements of the administrative hearing.

I.  No violation may be established except upon proof by a preponderance of the evidence; provided, however, that a violation notice, or a copy thereof, issued and signed in accordance with Section 15.42.030 of this chapter shall be prima facie evidence of the correctness of the facts specified therein.

J.  Upon conclusion of a hearing, the Administrative Hearing Officer shall issue Findings of Fact, Conclusions of Law and Order of the Hearing Officer ("order") setting forth the facts and law which support his/her nuisance determination.

K.  In the event that a nuisance is found to exist, the Administrative Hearing Officer shall require that the owner implement reasonable measures designed to prevent the recurrence of the nuisance activity. Those measures may include, but are not limited to, making security improvements to the premises, hiring of licensed and insured security personnel, appointment of a receiver, the initiation and execution of eviction proceedings against tenants who engage in the nuisance behavior, or the closing and boarding of the premises for a period not to exceed one year.

L.  The order shall inform the respondent of his or her right to seek judicial review of the Hearing Officer's final determination, as provided in RSMo 536.100 to 536.140.

M.  The record of all hearings before an Administrative Hearing Officer shall include: (i) a record of the testimony presented at the hearing,

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

which may be made by tape recording, digital recording or other appropriate means; (ii) all exhibits submitted as evidence at the hearing; and (iii) a copy of the order.

(1994 C., § 15.42.050; Ord. No. 70390, § 3, 11-10-2016; Ord. No. 69730, § 5, 4-18-2014.)

15.42.060 - Occupancy list requirement.

Whenever the owner of a property is issued a public nuisance notice under this chapter as defined in Section 15.42.030 of this chapter, the owner of any rental residential or owner-occupied residential property shall provide to the Department of Public Safety within thirty (30) days of the notice a written list of all current occupants of the property, regardless of whether or not the owner has a lease or other rental agreement with the occupant. Said list shall include the first and last name of all occupants regardless of age, the correlating house and unit number(s) in which they reside, as well as an approximate date their occupancy began at the property.

(1994 C., § 15.42.060; Ord. No. 69730, § 6, 4-18-2014.)

15.42.070 - Summons for failure to provide Department of Public Safety with list of occupants.

Failure to provide a complete list of occupants to the Department of Public Safety within thirty (30) days of the date of a public nuisance notice as required by Section 15.42.060 of this chapter shall be a violation of this chapter and any person who fails to comply with such shall be subject a fine not less than one hundred dollars ($100.00) nor more than five hundred dollars ($500.00) for each day the court finds such person to be in noncompliance. In addition to a fine, the court may sentence such person to not more than ninety (90) days' imprisonment.

(1994 C., § 15.42.070; Ord. No. 69730, § 7, 4-18-2014.)

15.42.080 - Summons for violation of nuisance abatement order.

Failure to comply with an order to abate a public safety nuisance under this chapter shall be a violation of this chapter and any person who fails to comply with such an order shall be subject to a fine of not less than one hundred dollars ($100.00) nor more than five hundred dollars ($500.00) for each day the court finds such person to be in noncompliance. In addition to a fine, the court may sentence such person to not more than ninety (90) days' imprisonment.

(1994 C., § 15.42.080; Ord. No. 69730, § 8, 4-18-2014.)

15.42.090 - Condemnation, revocation of permits, licenses, and nullification of exemptions.

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

If the Hearing Officer determines that a nuisance exists and orders that the abatement of the nuisance requires closure of the subject premises, the following shall apply:

A. If the building is at any time occupied during the order of closure the building shall be deemed a "nuisance" in accordance with the City of St. Louis Property Maintenance Code and "condemned" in accordance with the laws of the City of St. Louis that apply to condemned buildings. All the remedies to the City of St. Louis allowed through those ordinances shall apply to the violation of a nuisance abatement order.

B. Prior to occupancy of the premises, whether commercial or residential, the property shall be inspected by the appropriate City, state and federal inspectors. The subject premises must be in compliance with all applicable City, state and federal health, safety property maintenance and building codes. No occupancy shall occur unless all code violations are abated.

C. Any property, commercial or residential, which had previously been exempt from or "grandfathered in" and not subject to compliance with current health, safety, zoning, property maintenance and building codes will be deemed to have forfeited that status and must be in total compliance with all applicable City, state and federal health, safety property maintenance and building codes. The property shall be subject to a full occupancy inspection. No occupancy shall occur unless all code violations are abated.

D. Any licenses, variances, permits or certificates, whether business, occupancy or building code which pertain to the subject premises and were in effect at the time of an order of closure of the premises are deemed revoked or abandoned.

(1994 C., § 15.42.090; Ord. No. 69730, § 9, 4-18-2014.)

**2222-CC05508**

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM



# CITY OF ST. LOUIS
**OFFICE OF THE DIRECTOR**
**DEPARTMENT OF PUBLIC SAFETY**
**401 CITY HALL**
**ST. LOUIS, MISSOURI 63103-2860**



LYDA KREWSON
MAYOR

JIMMIE EDWARDS
DIRECTOR

November 10, 2020

FIRST CLASS U.S. MAIL & POSTED AS REQUIRED BY LAW

**EXHIBIT**

**B**

5220 HAMPTON LLC
5220 HAMPTON
ST LOUIS MO 63109

RE:    **PUBLIC NUISANCE NOTICE - 5220 HAMPTON**

OWNER MEETING SCHEDULED for: **NOVEMBER 24, 2020.  DUE TO COVID-19 WE WILL HOLD THE MEETING VIA A CONFERENCE CALL.  Please RSVP via email to the Attorney listed on page 3, at least five (5) business days before the "scheduled meeting day," to set up the time for the meeting.  We will advise you if this changes at the time you email us.**

Dear Property Owner or Controller:

The Director of Public Safety reasonably believes that the premises located at or abutting 5220 HAMPTON is a public nuisance as defined in Ordinance #69730 and as amended in Ordinance #70390. Specifically, incidents have occurred at the premises in the prior twelve (12) months involving the following behavior:  **DISTURBANCES, NOISE, AND OTHER UNRULY BEHAVIOR**.  Ordinance #69730 as amended in Ordinance #70390 provides in part:

**SECTION ONE. DEFINITIONS.**
B. A "Nuisance" is a continuing act or physical condition which is made, permitted, allowed or continued by any person or legal entity, their agents or servants or any person or legal entity who aids therein which is detrimental to the safety, welfare or convenience of the inhabitants of the City or a part thereof, or any act or condition so designated by statute or ordinance.

**SECTION TWO. PUBLIC NUISANCE.**
A public nuisance exists when the premises are used for **one** or more of the following incidents within the previous 12 months:
   A. the illegal sale, manufacture, storing, possession, distribution or use of narcotics or other controlled substances or precursors;
   B. the illegal sale, manufacture, storing, possession, distribution or use of drug paraphernalia or precursors;
   C. illegal sale, storing, possession, use or distribution of a firearm(s), weapons or explosive devices;

A public nuisance exists when the premises are used for **two** or more of the following incidents within the previous 12 months:

*Building Division\*City Emergency Management Agency\*Excise Division\*Fire Dept./EMS\* Neighborhood Stabilization/ Citizens Service Bureau\*Div. of Corrections\*St. Louis Metropolitan Police Dept.\*Civilian Oversight Board*

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

5220 HAMPTON LLC
November 10, 2020
Page 2

    A. prostitution;
    B. illegal gambling;
    C. the illegal sale, distribution or consumption of alcoholic beverages;
    D. violation of municipal, state or federal business licensing regulations;
    E. commission of any offense which is punishable by imprisonment of ninety days or more;
    F. maintaining or permitting a condition or engaging in an activity which unreasonably annoys, injures, or endangers the safety, health, morals, or repose of any inhabitants of the City of St. Louis or a part thereof;
    G. making a false report of a violation of the law to any police officer or other officer of the law in person, or from any police alarm or call box, or over the telephone or radio, or by improper use of Emergency 911, or by any other means of communication;
    H. any other condition or activity that may constitute a felony, misdemeanor or ordinance violation under federal, state, or municipal law which is detrimental to the safety, welfare or convenience of the inhabitants of the City of St. Louis or a part thereof.

Notwithstanding any other provisions in this Section, a public nuisance does not exist solely:
    A. As a result of calls to law enforcement officer or agencies for assistance in regards to alleged domestic violence or stalking;
    B. Due to incidents of domestic violence or stalking.
Nothing with respect to this Section limits or prohibits the imposition of penalties against a perpetrator of domestic violence or stalking.

        **To avoid further action under this Ordinance, you must immediately initiate reasonable abatement measures**. Reasonable abatement measures may include but are not limited to the following:
- Immediately stopping all nuisance behavior;
- Lawful eviction of problem tenants or occupants who engage in, encourage or permit such activity; Victims of DOMESTIC VIOLENCE should NOT be evicted solely because they call 911.
- Implementation of a tenant screening program to check for past evictions, criminal history, etc. on all future tenants;
- Maintaining regular contact with the St. Louis Metropolitan Police Problem Property Officer for your area;
- Hiring of licensed, insured security personnel;
- Making security improvements to the premises; and
- Compliance with all Building, Property Maintenance, Health and Fire Safety Codes.

        An owner/occupant or tenant or person who engages in, encourages or permits or otherwise fails to immediately abate the nuisance may be issued a summons for "engaging in a nuisance." Any owner of residential or commercial unit(s), who does not abate the nuisance within the 30 day period, shall be issued a summons for "failure to abate a nuisance." Any person who fails to comply shall be subject to a fine between $100 and $500, or any other penalty available by law including up to 90 days in jail.

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

5220 HAMPTON LLC
November 10, 2020
Page 3

In addition to or in lieu of the above mentioned penalties, The Director of Public Safety may initiate an Administrative Hearing in order to obtain an Order of Abatement.  An Administrative Hearing may be initiated when an Owner of rental residential or commercial property has failed to abate the nuisance within 30 days of the Notice or an owner occupant has failed to immediately abate the nuisance upon receipt of the Notice.  An order of abatement may include the closing and boarding of the premises for up to one year.

A copy of this Public Nuisance Notice has been mailed to you as Property Owner or Controller and will be posted at 5220 HAMPTON.  **The Neighborhood Improvement Specialist for your property is CHRISTY BOYD at (314) 657-1377.**

As Property Owner or Controller, you have a reasonable opportunity to meet with a representative of the City to discuss allegations in this notice and the need for abatement measures.  **Please contact  SANDRA ZAMBRANA, Problem Property Attorney, of the St. Louis City Counselor's Office, at (314) 657-1305 or via email at ZAMBRANAS@STLOUIS-MO.GOV to discuss this serious matter as soon as possible.**

Additionally, a meeting has been scheduled for **NOVEMBER 24, 2020.  DUE TO COVID-19 WE WILL HOLD THE MEETING VIA A CONFERENCE CALL.  Please RSVP via email to the Attorney listed on page 3, at least five (5) business days before the "scheduled meeting day," to set up the time for the meeting.  We will advise you if this changes at the time you email us.**  The purpose of this meeting is to identify nuisance issues at your property and to determine corrective steps to abate the nuisance activity at your property.

It is imperative that you make every effort to attend this meeting to provide proof you are making attempts to correct any problems associated with the above listed property.  **Your failure to attend this meeting could result in you receiving a summons for "failure to abate a nuisance."**

Finally, if this is a residential property or mixed commercial/residential property, in accordance with Ordinance #69730 amended in Ordinance #70390, **please fill out and fax the OCCUPANCY LIST FORM to the Neighborhood Stabilization Office at (314) 613-3120; or mail to 1520 Market St., Room 4000, St. Louis, MO 63103.  Please bring a completed copy of the Form to your Owner's meeting.**

Sincerely,

*Jimmie Edwards/af*

Jimmie Edwards
Director of Public Safety

cc:     City Counselor
        Alderman, Ward 16
        Neighborhood Improvement Specialist & NST Manager
        Problem Properties Officer, District 2
        MAP/TMAP Coordinator
        Sgt. J. McLaughlin

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

Department of

**Public Safety**

City of St. Louis

Neighborhood Stabilization Division

1520 MARKET ST. ROOM 4000
ST. LOUIS, MO 63103
PHONE (314) 657-1392
FAX (314) 613-3120
EMAIL NST@STLOUIS-MO.GOV

## ALL OWNERS OF PROPERTY MUST COMPLETE THIS FORM

PLEASE COMPLETE THIS FORM, FRONT AND BACK, WITHIN **30 DAYS** OF RECEIPT AND RETURN VIA MAIL, EMAIL OR FAX, **OR** BRING TO YOUR SCHEDULED MEETING.  PURSUANT TO ORDINANCE 69730, **FAILURE** TO DO SO, WILL **RESULT** IN THE ISSUANCE OF A **SUMMONS** FOR "FAILURE TO PROVIDE OCCUPANCY LIST".

### *Instructions for completing this form:*
*Owners of Properties which are Owner-Occupied must complete Sections I and V.*
*Owners of Properties which are Rental Properties must complete Sections I, II, III, IV, and V.*

### Section I: Property Owner Information *(ALL Property Owners)*

| | |
|---|---|
| Property address:. | Letter Date:        Ward:        PD: |
| Owner Name: | |
| Owner Mailing Address (no PO Box): | City, State, Zip: |
| Email address: | Phone #: |
| Driver's License # and State: | Date of Birth: |

---

### *THIS SECTION IS FOR RENTAL PROPERTIES ONLY*

#### Section II: Property Information

| Number of Units | Number of Occupied Units | Number of Bedrooms Per Unit | Monthly Rent |
|---|---|---|---|
| | | | |

#### Section III: Property Manager Information
##### *Who manages this property?*

☐ Owner       ☐ Company       ☐ Person in "Care and Control" (AKA Property Manager)

| | |
|---|---|
| Name: | Email address: |
| Address (if different from above): | Phone #: |

#### Section IV: Applicant Screening
##### *How do you screen your tenants?*

Do you screen your tenants?       ☐ Yes  ☐ No       (If yes, please complete the following 2 lines.)

☐ Screened by Owner       ☐ Screened by Screening Company       ☐ Screened by Property Manager

Type of Screening:

---

## ALL PROPERTY OWNERS MUST COMPLETE *SECTION V.* ON THE REVERSE OF THIS PAGE.

Signature: _____      Date: _____

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

## Section V: Occupant information *(ALL Properties)*
### ALL OCCUPANTS MUST BE LISTED, INCLUDING CHILDREN
*Required for compliance with Ordinance 69730, Sections Six and Seven.*

| FULL NAME (First AND Last Name) | UNIT # | DATE OCCUPANCY BEGAN | YEAR OF BIRTH (OR AGE) |
|---|---|---|---|
| EXAMPLE: JOHN DOE | 1A | 01/01/2001 | 1999 or 18 yrs |
| EXAMPLE: JANE DOE | 2A | 02/02/2004 | 2004 or 12 yrs |
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |
| 7. | | | |
| 8. | | | |
| 9. | | | |
| 10. | | | |
| 11. | | | |
| 12. | | | |
| 13. | | | |
| 14. | | | |
| 15. | | | |
| 16. | | | |
| 17. | | | |
| 18. | | | |
| 19. | | | |
| 20. | | | |

NOTES/COMMENTS:

**2222-CC05508**

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

# CITY OF ST. LOUIS
OFFICE OF THE DIRECTOR
**DEPARTMENT OF PUBLIC SAFETY**
401 CITY HALL
ST. LOUIS, MISSOURI 63103-2860

TISHAURA O. JONES
MAYOR

DANIEL ISOM
DIRECTOR

January 24, 2022

FIRST CLASS U.S. MAIL & POSTED AS REQUIRED BY LAW

**EXHIBIT**
**C**

5220 Investments LLC
406 BLUFF CREST CT
ST LOUIS, MO 63129

RE:     **PUBLIC NUISANCE NOTICE** - 5220 HAMPTON

OWNER MEETING SCHEDULED for: **Wednesday, February 16, 2021. DUE TO COVID-19 WE WILL
HOLD THE MEETING VIA A CONFERENCE CALL. Please RSVP via email to the Attorney listed on
page 3, at least five (5) business days before the "scheduled meeting day," to set up the time for the
meeting. We will advise you if this changes at the time you email us.**

Dear Property Owner or Controller:

The Director of Public Safety reasonably believes that the premises located at or abutting 5220
HAMPTON is a public nuisance as defined in Ordinance #69730 and as amended in Ordinance #70390.
Specifically, incidents have occurred at the premises in the prior twelve (12) months involving the following
behavior: **DISTURBANCES, NOISE, SUSPICIOUS PERSON, AND OTHER UNRULY BEHAVIOR.**
Ordinance #69730 as amended in Ordinance #70390 provides in part:

**SECTION ONE. DEFINITIONS.**
B. A "Nuisance" is a continuing act or physical condition which is made, permitted, allowed or continued by
any person or legal entity, their agents or servants or any person or legal entity who aids therein which is
detrimental to the safety, welfare or convenience of the inhabitants of the City or a part thereof, or any act or
condition so designated by statute or ordinance.

**SECTION TWO. PUBLIC NUISANCE.**
A public nuisance exists when the premises are used for **one** or more of the following incidents within the
previous 12 months:
  A. the illegal sale, manufacture, storing, possession, distribution or use of narcotics or other controlled
  substances or precursors;
  B. the illegal sale, manufacture, storing, possession, distribution or use of drug paraphernalia or
  precursors;
  C. illegal sale, storing, possession, use or distribution of a firearm(s), weapons or explosive devices;

A public nuisance exists when the premises ___ ___ for **two** or more of the following incidents within the
previous 12 months:

Building Division*City Emergency Manageme___       ___y*Excise Division*Fire Dept./EMS* Neighborhood Stabilization/
Citizens Service Bureau*Div. of Correc___          ___Louis Metropolitan Police Dept.*Civilian Oversight Board

**IF YOU ARE THE PROPERTY OWNER** AND YOU HAVE ALREADY
RESPONDED TO THE MAILING OF THIS NOTICE, **YOU DO NOT
NEED TO RESPOND AGAIN.**

**IF YOU ARE A TENANT** AND THIS NOTICE WAS POSTED ON ___

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

...entify nuisance issues at your property and to determine corrective steps...

...is imperative that you make every effort to attend this meeting to provide pro... ...ts to correct any problems associated with the above listed property. **Your fail...** **...ting could result in you receiving a summons for "failure to abate a nuisance**

Finally, if this is a residential property or mixed commercial/residential prope... Ordinance #69730 amended in Ordinance #70390, **please fill out and fax the OCCI...** **the Neighborhood Stabilization Office at (314) 613-3120; or mail to 1520 Marke...** **St. Louis, MO 63103.  Please bring a completed copy of the Form to your Owne...**

Sincerely,

*Daniel Isom /q*

Daniel Isom
Director of Public Safety

cc:     City Counselor
        Alderman, Ward 16
        Neighborhood Improvement Specialist & NST Manager
        Problem Properties Officer, District 2
        MAP/TMAP Coordinator
        Sgt. J. McLaughlin

**2222-CC05508**

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

In the
# CIRCUIT COURT
## City of St. Louis, Missouri

STEVEN RASNIC, et al.
_____
Plaintiff/Petitioner

June 28, 2022
_____
Date

vs.

CITY OF ST. LOUIS, et al.
_____
Defendant/Respondent

_____
Case number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now _Plaintiffs_____, pursuant

Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

| | | |
|---|---|---|
| Tim Moore | 6614 Clayton Rd., #311, MO 63117 | 314-961-2222 |
| Name of Process Server | Address | Telephone |
| David May | 6614 Clayton Rd., #311, MO 63117 | 314-961-2222 |
| Name of Process Server | Address | Telephone |
| Don Jones | 6614 Clayton Rd., #311, MO 63117 | 314-961-2222 |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:
City of St. Louis
_____
Name
1200 Market St.
_____
Address
St. Louis, Mo 63103
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER**, Circuit Clerk

By_____
Deputy Clerk

_____
Date

William Kistner
_____
Attorney/Plaintiff/Petitioner
70540
_____
Bar No.
1406 North Broadway, St. Louis, MO 63102
_____
Address
(314) 783-9798
_____
Phone No.

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

**2222-CC05508**

Electronically Filed - City of St. Louis - June 28, 2022 - 03:38 PM

In the
# CIRCUIT COURT
## City of St. Louis, Missouri



STEVEN RASNIC, et al.
_____
Plaintiff/Petitioner

June 28, 2022
_____
Date

vs.

CITY OF ST. LOUIS, et al.
_____
Defendant/Respondent

Case number
_____

Division
_____

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __Plaintiffs__ _____, pursuant
                                            Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| Tim Moore | 6614 Clayton Rd., #311, MO 63117 | 314-961-2222 |
| David May | 6614 Clayton Rd., #311, MO 63117 | 314-961-2222 |
| Don Jones | 6614 Clayton Rd., #311, MO 63117 | 314-961-2222 |

to serve the summons and petition in this cause on the below named parties.

SERVE:
City of St. Louis
_____
Name
1200 Market St.
_____
Address
St. Louis, Mo 63103
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By _____
    Deputy Clerk

_____
Date

William Kistner
_____
Attorney/Plaintiff/Petitioner
70540
_____
Bar No.
1406 North Broadway, St. Louis, MO 63102
_____
Address
(314) 783-9798
_____
Phone No.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>JASON MARK SENGHEISER | Case Number:  2222-CC05508 | Special Process Server 1<br>T MOORE |
| Plaintiff/Petitioner:<br>STEVEN RASNIC | Plaintiff's/Petitioner's Attorney/Address<br>WILLIAM KISTNER<br>1406 North Broadway<br>ST LOUIS, MO  63102 | Special Process Server 2<br>D MAY |
| vs. | | Special Process Server 3<br>D JONES |
| Defendant/Respondent:<br> CITY OF ST LOUIS | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Declaratory Judgment | Please see the attached information for appearing via WebEx.  WebEx connection information may also be found at<br>http://www.stlcitycircuitcourt.com/ | |
| | | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:**  CITY OF ST LOUIS<br>                                        **Alias:**<br><br>**1200 MARKET STREET**<br>**SAINT LOUIS, MO  63103** | |

<b><span style="color:red">SPECIAL PROCESS SERVER</span></b>

*COURT SEAL OF*



*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

   ***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. ***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

| June 28, 2022 | *Thomas Kloeppinger* |
|---|---|
| Date | Clerk |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                                             Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____

Date                                                     Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

 A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - July 20, 2022 - 10:55 AM

**IN THE CIRCUIT COURT OF ST. LOUIS CITY**
**STATE OF MISSOURI**

| | |
|---|---|
| STEVEN RASNIC, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )     Cause No. 2222-CC05508 |
| | ) |
| CITY OF ST. LOUIS, et al., | )     Div. No. 18 |
| | ) |
| Defendants. | ) |

## MEMORANDUM FOR CLERK

Attached hereto is an Affidavit of Service on Defendant City of St. Louis.

**KISTNER, HAMILTON, ELAM & MARTIN, LLC**

By: /s/ Elkin L. Kistner

    Elkin L. Kistner        #35287
    William E. Kistner     #70540
    1406 North Broadway
    St. Louis, MO 63102
    Telephone: (314) 783-9798
    Facsimile:  (314) 944-0950
    E-mail: elkinkis@law-fort.com
    E-mail: bill@law-fort.com
    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served this 20th day of July, 2022 via the Court's electronic filing system to all counsel of record.

    /s/ Elkin L. Kistner

Electronically Filed - City of St. Louis - July 20, 2022 - 10:55 AM

**AFFIDAVIT OF SERVICE**

| | | | |
|---|---|---|---|
| **Case:**<br>2222-CC05508 | **Court:**<br>22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS | **County:**<br>ST LOUIS, MO | **Job:**<br>7345927 (22-SMCC-6328) |
| **Plaintiff / Petitioner:**<br>STEVEN RASNIC | | **Defendant / Respondent:**<br>CITY OF ST LOUIS | |
| **Received by:**<br>Pro Serve | | **For:**<br>KISTNER, HAMILTON, ELAM & MARTIN, LLC | |
| **To be served upon:**<br>CITY OF ST LOUIS | | **Court Date:** | |

I, Tim Moore, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   TO : MIKE GARVIN FOR CITY OF ST LOUIS, COMPANY: 1200 MARKET ST, SAINT LOUIS, MO 63103

**Manner of Service:**   Authorized, Jul 13, 2022, 4:10 pm CDT

**Documents:**   SUMMONS IN CIVIL CASE, PETITION FOR EQUITABLE RELIEF AND DAMAGES, INTRO, PARTIES, CITY'S NUISANCE ORDINANCE, FACTS AND COUNTS 1-4

**Additional Comments:**
1) Successful Attempt: Jul 13, 2022, 4:10 pm CDT at COMPANY: 1200 MARKET ST, SAINT LOUIS, MO 63103 received by MIKE GARVIN FOR CITY OF ST LOUIS.

Tim Moore
329

Date   7/14/22

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date   7/14/2022

Commission Expires   2/05/2025

CATHY STRAUB
Notary Public - Notary Seal
St Louis County - State of Missouri
Commission Number 17735281
My Commission Expires Feb 5, 2025

Electronically Filed - City of St. Louis - July 20, 2022 - 10:55 AM

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>JASON MARK SENGHEISER | **Case Number: 2222-CC05508** | Special Process Server 1<br>T MOORE |
| Plaintiff/Petitioner:<br>STEVEN RASNIC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>WILLIAM KISTNER<br>1406 North Broadway<br>ST LOUIS, MO 63102 | Special Process Server 2<br>D MAY |
| | | Special Process Server 3<br>D JONES |
| Defendant/Respondent:<br>CITY OF ST LOUIS<br><br>Nature of Suit:<br>CC Declaratory Judgment | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101<br>Please see the attached information for appearing<br>via WebEx. WebEx connection information may<br>also be found at<br>**http://www.stlcitycircuitcourt.com/** | |
| | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  CITY OF ST LOUIS**
                     **Alias:**

**1200 MARKET STREET**
**SAINT LOUIS, MO 63103**

**SPECIAL PROCESS SERVER**

**COURT SEAL OF**

**CITY OF ST LOUIS**

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**\*\*\*Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court. \*\*\***

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

        **June 28, 2022**                 *Thomas Kloppinger*

            Date                                   Clerk
Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with
_____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____       _____
   Printed Name of Sheriff or Server                  Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*      Subscribed and sworn to before me on _____ (date).

      My commission expires: _____  _____