**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN RASNIC, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-cv-00843-MTS |
| | ) | |
| CITY OF ST. LOUIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This case is before the Court on Defendants Mark Washington-McLean and Judy Lane's Motion to Dismiss, Doc. [27], and on review of the file.  Defendants Washington-McLean and Lane move to dismiss what appears to be the single count against them in the First Amended Complaint, Count Four's "Civil Conspiracy."  *See* Doc. [19] at 10.  Defendants argue that Count Four fails to state a claim against them because it lacks sufficient facts to allege a civil conspiracy. Defendants also argue that qualified immunity shields them from liability for Count Four.  In Plaintiffs' response to the Motion, they maintain that Count Four's civil conspiracy claim is alleged as a violation of Missouri state law, not federal law.

The Court understands Defendants' confusion because Plaintiffs' First Amended Complaint is rife with shortcomings and ambiguities.  The First Amended Complaint fails to note explicitly which Counts are against what Defendants.  It fails to say what Counts it brings under federal law and what Counts it brings under Missouri law.  It asks the Court for a judgment declaring certain things but makes no reference to the Court's authority to do so or the propriety of it.  *See, e.g.*, 28 U.S.C. § 2201; *see also Cincinnati Indem. Co. v. A & K Const. Co.*, 542 F.3d 623, 625 (8th Cir. 2008).

Perhaps most confounding, the First Amended Complaint alleges numerous constitutional violations in each Count.  For example, Count Three, which Plaintiffs titled "Violations of Civil Rights," refers to the alleged violations of Plaintiffs' "procedural and substantive due process rights" and invokes the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Doc. [19] ¶ 26.  And though it says the alleged violations in Count Three "are remediable by and actionable through 42 U.S.C. § 1983," Count Three also discusses a violation of Article One Section Ten of the Missouri Constitution.  Doc. [19] ¶¶ 26, 29.  But Count Three does not even stop there.  It further alleges that the City "is engaging in a civil conspiracy" to "deprive" Plaintiffs "of their due process rights." *Id.* ¶ 27.  Plaintiffs cram it all into a single Count they bring under § 1983.

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  For that reason, the "first step" in any § 1983 claim "is to identify the specific constitutional right allegedly infringed." *Albright*, 510 U.S. at 271; *accord Graham v. Connor*, 490 U.S. 386, 394 (1989) (explaining that "the first inquiry in any § 1983 suit" is "to isolate the precise constitutional violation with which [the defendant] is charged" (quoting *Baker*, 443 U.S. at 140)); *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 842 n.5 (1998) ("As in any action under § 1983, the first step is to identify the exact contours of the underlying right said to have been violated.").  Plaintiffs First Amended Complaint makes that impossible.

In its current form, the First Amended Complaint "shifts 'the burden of identifying the [Plaintiffs'] genuine claims and determining which of those claims might have legal support'" onto Defendants and the Court. *Harper v. Ascension Health All.*, 4:17-cv-02495-ERW, 2017 WL

- 2 -

6407776, at *2 (E.D. Mo. Dec. 15, 2017) (quoting *Gurman v. Metro Housing & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011)).  But it is Plaintiffs' burden "to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that [Defendants] can readily respond to them and [the Court] can readily resolve them." *Id.*  Plaintiffs have not done that here.

Therefore, the Court will provide Plaintiffs twenty-one (21) days to file a Second Amended Complaint addressing the First Amended Complaint's issues that the Court has noted herein.  *See Arch Energy, L.C. v. City of Brentwood*, 4:22-cv-00499-MTS, 2022 WL 4464758, at *2 (E.D. Mo. Sept. 26, 2022); *see also Wilson v. Jefferson Cnty.*, 4:18-cv-1957-CAS, 2019 WL 585423, at *1 (E.D. Mo. Feb. 13, 2019) (ordering plaintiff to file an amended complaint where plaintiff alleged "numerous potential causes of action against multiple defendants" in one § 1983 count); *Katekaru v. Egan*, 4:13-cv-349-DGK, 2014 WL 4723126, at *6 (W.D. Mo. Sept. 23, 2014) (ordering plaintiff to separate his "various Section 1983 claims into distinct counts" in an amended complaint); *Cheeks v. Belmar*, 4:18-cv-2091-SEP, 2020 WL 5569982, at *2, *30, n.3 (E.D. Mo. Sept. 17, 2020) (dismissing, on the court's own motion, plaintiff's count that included "multiple causes of action based on four constitutional provisions in a single count without adequately identifying the nature and constitutional basis of each cause of action").

Accordingly,

**IT IS HEREBY ORDERED** Plaintiffs' First Amended Complaint is **DISMISSED without prejudice**.  Plaintiffs may file a Second Amended Complaint, consistent with this Memorandum and Order, within **twenty-one (21) days** of this Memorandum and Order.  Failure to do so will result in the dismissal of this action without prejudice.  Defendants shall have the

usual time to file any required response to the Second Amended Complaint.  *See* Fed. R. Civ. P. 15(a)(3).

**IT IS FURTHER ORDERED** that Defendants Mark Washington-McLean and Judy Lane's Motion to Dismiss, Doc. [27], is **DENIED** without prejudice as moot.

**IT IS FINALLY ORDERED** that the Court's March 14, 2023, Order Referring Case to Alternative Dispute Resolution, Doc. [36], is **VACATED**.  Deadlines for ADR will be reset by further order of the Court.

Dated this 21st day of March 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

- 4 -